UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL FRIEDMAN *et al.*,          :
                                    :
       Plaintiffs,                :   Civil Action No.:     08-0586 (RMU)
                                    :
       v.                         :   Re Document No.:      31
                                    :
KATHLEEN SEBELIUS, in her official  :
capacity as Secretary of the Department of  :
Health and Human Services,[1] *et al.*,  :
                                    :
       Defendants.                :

**MEMORANDUM OPINION**

GRANTING THE DEFENDANTS' MOTION TO UNSEAL

**I. INTRODUCTION**

This matter comes before the court on the defendants' motion to unseal this case. The plaintiffs are current and former executives of the pharmaceutical company Purdue Frederick Company, Inc. ("Purdue"). Plaintiff Michael Friedman is the former president and chief executive officer of Purdue, plaintiff Paul D. Goldenheim is Purdue's former chief scientific officer and plaintiff Howard R. Udell is the executive vice president and chief legal officer of the company. In April 2008, the plaintiffs sought to enjoin the defendants, Inspector General ("IG") Daniel R. Levinson and former Secretary of the United States Department of Health and Human Services ("HHS") Michael Leavitt, from issuing notices that would render them ineligible to participate in federal health care programs. The court dismissed the plaintiffs' claims in December 2008. The defendants now move to unseal the case, and the plaintiffs oppose the

---

[1]     The court substitutes Kathleen Sebelius as the defendant pursuant to Federal Rule of Civil Procedure 25(d)(1). *See* FED. R. CIV. P. 25(d)(1).

motion. Because the relevant factors weigh in favor of unsealing the case, the court grants the defendants' motion.

## II.  FACTUAL & PROCEDURAL BACKGROUND

In May 2007, the plaintiffs pleaded guilty in the United States District Court for the Western District of Virginia to a single misdemeanor count of misbranding a drug in violation of 21 U.S.C. § 333(a)(1). *See United States v. Purdue Frederick Co.*, 495 F. Supp. 2d 569, 570 (W.D. Va. 2007); *see also* Am. Compl. ¶ 28. They were convicted under the "responsible corporate officer" provision of 21 U.S.C. § 333, which establishes that executive officers may be convicted of strict liability misdemeanors if their company misbrands a drug in violation of 21 U.S.C. § 331(a). *See* 21 U.S.C. § 333(a)(1); Am. Compl. ¶ 30. As a result of this misdemeanor conviction, the IG of HHS issued "exclusion notices" to the plaintiffs, making them ineligible to participate in federal health care programs for a period of twenty years. Am. Compl. ¶ 34.

On April 4, 2008, the plaintiffs sought an injunction in this court to prevent HHS from excluding them from federal health care programs, claiming that exclusion would destroy their careers. Pls.' Mot. for Prelim. Inj. at 1-2. The exclusion was to become effective on April 20, 2008, at which time their notices would be made publicly available. *Id.* at 1. The plaintiffs simultaneously sought an order sealing the entire case because they claimed that they would be irreparably harmed if the notices, which were attached as exhibits to the plaintiffs' motions for a preliminary injunction, became public. *See generally* Pls.' Mot. to Seal. The court granted the motion to seal the case, *see* Order (Apr. 4, 2008), and issued a temporary restraining order enjoining the defendants from making the plaintiffs' exclusion public, *see* Order (Apr. 8, 2008),

but ultimately granted the defendants' motion to dismiss on the grounds that the plaintiffs had failed to exhaust their administrative remedies with HHS, *see* Mem. Op. (Dec. 5, 2008) at 14. Thus, on January 13, 2009, the plaintiffs' names were added to HHS's "exclusions database," *see* Pls.' Opp'n to Defs.' Mot. to Unseal Docket ("Pls.' Opp'n") at 1, with the date of their exclusion listed as April 20, 2008, *see* Defs.' Mot. to Unseal Docket ("Defs.' Mot.") at 2. The defendants then filed the instant motion to unseal the docket, which the plaintiffs oppose. The court now turns to the applicable legal standard and the parties' arguments.

### III.  ANALYSIS

#### A.  Legal Standard for a Motion to Unseal Documents

"[T]he starting point in considering a motion to [un]seal court records is a 'strong presumption in favor of public access to judicial proceedings.'" *United States ex rel. Schweitzer v. Oce, N.V.*, 577 F. Supp. 2d 169, 171 (D.D.C. 2008) (alteration in original) (quoting *Equal Employment Opportunity Comm'n v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)); *see also In re Sealed Case*, 237 F.3d 657, 666 (D.C. Cir. 2001) (citations omitted). Although strong, this presumption is not absolute. The Supreme Court has stated that "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (internal citations omitted). "Courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption . . . or as sources of business information that might harm a litigant's competitive standing." *Id.*

Whether the public should have access to judicial records and proceedings is a decision "best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599 (cited in *United States v. Hubbard*, 650 F.2d 293, 316-17 (D.C. Cir. 1980)).  To aid the court's analysis, the D.C. Circuit has established a six-factor balancing test for determining whether documents should be sealed.  These factors are:

> (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the documents prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced.

*Johnson v. Greater Se. Cmty. Hosp.*, 951 F.2d 1268, 1277 n.14 (D.C. Cir. 1991) (citing *Hubbard*, 650 F.2d at 317-22).

Moreover, this Circuit has determined that "where both the public interest in access and the private interest in non-disclosure are strong, partial or redacted disclosure would satisfy both interests." *Hubbard*, 650 F.2d at 324-25.  The district court may exercise its discretion to grant or deny a motion to seal in part or whole. *Id.* at 324.  In exercising that discretion, "it is imperative that the district court articulate its reasons for electing to seal or not to seal a record." *Nat'l Children's Ctr., Inc.,* 98 F.3d at 1410 (citing *Johnson*, 951 F.2d at 1277-78).

### B. The Court Grants the Defendants' Motion to Unseal the Docket

To determine whether this action should be unsealed, the court examines the case in light of the six factors articulated in *United States v. Hubbard*. *See* 650 F.2d at 317-22.

### 1.  Need for Public Access

The first *Hubbard* factor concerns the need for public access to the documents sought to be sealed.  *See id.* at 317.  The defendants argue that lifting the seal will eliminate confusion as to why exclusion notices that were issued in April 2008 were not made public until nearly a year later.  Defs.' Mot. at 2.  The plaintiffs counter that the defendants can easily explain that the late publication of the notices is due to ongoing sealed litigation, and thereby avoid the need to unseal the record.  Pls.' Opp'n at 2.  The defendants, in turn, argue that there is no reason to keep this case sealed if those who ask will be told about its existence.  Defs.' Reply in Supp. Mot. to Unseal Docket ("Defs.' Reply") at 2-3 n.2.

There is a stronger presumption of transparency in some judicial proceedings than in others.  *See Hubbard,* 650 F.2d at 317.  For example, situations involving "access to the courtroom conduct of a criminal trial [or] a pre-trial suppression motion," or "documents which have been introduced as evidence of guilt or innocence in a trial," command a relatively strong presumption of openness.  *Id.*  Additionally, "in cases where the government is a party . . . [t]he appropriateness of making court files accessible" is enhanced.  *Nat'l Children's Ctr., Inc.*, 98 F.3d at 1409 (quoting *Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987)).  Further, a party seeking to seal court documents must "come forward with specific reasons why the record, or any part thereof, should remain under seal."  *Johnson*, 951 F.2d at 1278.

The fact that the instant case does not fall within one of the aforementioned situations described in *Hubbard* weighs in favor of keeping the docket sealed.  *See Hubbard*, 650 F.2d at 317.  On the other hand, the fact that the plaintiffs ask the court to maintain a blanket seal of the

case rather than requesting only that the allegedly damaging portions of the record remain under seal – despite the fact that the purported harm will be caused by the release of only a few documents in the record, *see generally* Pls.' Opp'n – weighs against the plaintiffs' position, *cf. Hubbard*, 650 F.2d at 318 (noting that the fact that the defendants sought only to seal a set of documents used for a limited purpose worked in favor of allowing the case to be sealed).  Finally, the fact that the defendants have been sued in their official capacity, *see* Am. Compl. ¶¶ 18-19, weighs in favor of unsealing, *see Standard Fin. Mgmt. Corp.*, 830 F.2d at 410 (noting that "[t]he appropriateness of making court files accessible is accentuated in cases where the government is a party").

### 2. Prior Public Access

The second factor in the *Hubbard* analysis is the extent to which the public has had access to the documents at issue prior to their being sealed.  *See Hubbard*, 650 F.2d at 318.  The defendants argue that the initial rationale for sealing the record – the fact that the notices of exclusion had not yet been made public – no longer applies because HHS has released the notices.  Defs.' Mot. at 2.  The defendants add that the court should not bow to the plaintiffs' shift in litigation strategy: the plaintiffs initially asked that the court seal the matter until the preliminary injunction had been ruled on, but now they seek to keep this case sealed indefinitely.  Defs.' Reply at 1-2.  The plaintiffs respond that lifting the seal will compound the harm to which they have already been subjected through HHS's release of the exclusion notices.  Pls.' Opp'n at 2-3.

The fact that a document was accessible to the public prior to being sealed "may weigh in favor of subsequent access."[2] *Hubbard*, 650 F.2d at 318; *see also In re Nat'l Broad. Co.*, 653 F.2d 609, 614 (D.C. Cir. 1981). Consideration of this factor assumes that the public availability of the sealed documents hinges on whether or not there is a sealing order in place. But this assumption does not apply in the instant matter: the notices became publicly available through the OIG after they were initially sealed in this matter in April 2008, and they remain publicly available. Defs.' Mot. at 2. Consistent with what this court determines to be the rationale behind treating prior access as favoring unsealing – that it is less harmful to release a document that was once public than to release one that has never been made publicly accessible – this factor weighs in favor of unsealing. *See, e.g., Nat'l Children's Ctr., Inc.*, 98 F.3d at 1409-10 (holding that the lack of previous public access to documents "goes to the appropriateness of sealing those documents); *In re Application of N.Y. Times Co.*, 575 F. Supp. 2d 83, 93 (D.D.C. 2008) (holding that the fact that "critical information is in the public forum . . . weighs in favor" of unsealing).

---

[2]  Although the Supreme Court has held that "[t]he presence of an alternative means of public access tips the scales in favor of denying release," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 606 (1978) (holding that a seal on audiotapes of President Nixon's voice was proper where the Presidential Recordings Act provided procedures for public use of the tapes), the D.C. Circuit has consistently interpreted prior public access to weigh in favor of unsealing, *see Equal Employment Opportunity Comm'n v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409-10 (D.C. Cir. 1996) (holding that "[t]he lack of previous public access to documents . . . goes to the appropriateness of sealing those documents"); *United States v. Hubbard*, 650 F.2d 293, 318-19 (D.C. Cir. 1980) (holding that because documents at issue had not yet been released, there was "no previous access to weigh in favor of access . . . granted through [an] unsealing order"); *United States ex rel. Schweitzer v. Oce*, 577 F. Supp. 2d 169, 173 (D.D.C. 2008) (holding that "to the extent certain sealed materials are already in the public domain, this factor favors unsealing those materials"); *McConnell v. Fed. Elections Comm'n*, 251 F. Supp. 2d 919, 936 (D.D.C. 2003) (holding that documents warranted less protection under the *Hubbard* analysis where they had been released in advertisements seven years prior to the litigation). As explained below, the balance of the *Hubbard* factors would still tip in favor of unsealing even if this factor militated against it.

### 3. Party's Objection to Disclosure

The third *Hubbard* factor considers whether a party objects to disclosure of the documents at issue and the identity of the party making that objection. *See Hubbard*, 650 F.2d at 319. The plaintiffs wish to keep the record sealed, Pls.' Opp'n at 2, and the fact that a party objects to unsealing the record weighs in that party's favor in the *Hubbard* analysis, *see Nat'l Children's Ctr., Inc.*, 98 F.3d at 1410 (holding that the only *Hubbard* factor that supported the defendant's position in favor of sealing the record was the fact that the defendant objected to disclosure of a document).

### 4. Strength of Property and Privacy Interests

The fourth *Hubbard* factor concerns the property and privacy interests of the party objecting to disclosure. *Hubbard*, 650 F.2d at 320. The plaintiffs argue that the notices of exclusion contain "highly inflammatory and unsupported statements" that would cause them irreparable harm.[3] Pls.' Opp'n at 3. They add that the seal is appropriate because the record contains "confidential and sensitive information, including descriptions of settlement negotiations between the plaintiffs and defendants and correspondence regarding plaintiffs' exclusions between third parties, including Purdue Pharma L.P. and defendants." *Id.* They further assert that the nature of the exclusion that appears in the notices of exclusion is different than the exclusion that the administrative law judge ultimately imposed.[4] *Id.* Moreover, the

---

[3]   The sentence from the exclusion notices that the plaintiffs take most umbrage with is one claiming that they were responsible for "losses to federal health care programs" as well as for "personal injuries and deaths." Pls.' Mot., Exs. A-3, B-3, C-3.

[4]   While the notices of exclusion indicated that the plaintiffs would be barred for twenty years from federal health care programs, the administrative law judge reduced that term to fifteen years. *See* Pls.' Opp'n at 3.

plaintiffs argue that this matter should remain sealed while they exhaust their administrative remedies and then seek review in this court, so as to avoid any adverse impacts should this court overturn a negative ruling in the administrative proceeding.  *Id.* at 4.  Lastly, the plaintiffs argue that retaining the seal will not prejudice the government.  *Id.*  The defendants respond that the argument regarding prejudice to the government is inapposite: the presumption, the defendants note, is in favor of open judicial proceedings.  Defs.' Reply at 2.

The *Hubbard* court addressed this factor by examining the objecting party's privacy interest in the particular documents, *see Hubbard*, 650 F.2d at 320 (noting there was a strong privacy interest in documents that were seized from a private area in a church), rather than the effect that unsealing the documents would have on the party's property and privacy interests generally, which is an alternative interpretation of this factor, *see Greater Se. Cmty. Hosp. Corp.*, 789 F. Supp. 2d at 430 (noting that a hospital and its employee both had a privacy interest in proceedings involving peer review documents because disclosure of the documents would affect the plaintiff's reputation).

In the memorandum opinion granting the defendants' motion to dismiss, the court already considered the effect that the release of the notices of exclusion would have on the plaintiffs' privacy interests, concluding that the plaintiffs' predictions of reputational harm did not entitle them to the relief they sought, *see* Mem. Op. (Dec. 5, 2008) at 12-13.  More specifically, the court recognized that "there is 'no significant loss of reputation . . . inflicted by procedural irregularities' when the damage can be 'fully corrected by an administrative determination requiring the agency to conform to the applicable regulations.'"  *Id.* at 13 (quoting *Sampson v. Murray*, 415 U.S. 61, 91 (1974)).

Moreover, the plaintiffs have failed to point to specific documents, other than the notices of exclusion, that they claim warrant protection, instead making broad reference to "confidential and sensitive information." Pls.' Opp'n at 3. The court declines to sift through the record to attempt to divine the portions to which the plaintiffs are referring. And while the plaintiffs note that certain documents in the record should remain sealed because they represent correspondence involving third parties, none of these parties have filed a motion objecting to disclosure. *See In re Sealed Case*, 237 F.3d at 664 (quoting *Hubbard*, 650 F.3d at 311) (noting that "a third party may attempt to 'maintain the confidentiality' of materials that are under the control of a court in a pending case by filing a motion initiating a distinct ancillary proceeding"). In sum, the plaintiffs' privacy and property interests will not be irreparably harmed by unsealing the record in this matter: they still have the opportunity to prevail in the administrative proceeding and have their notices of exclusion withdrawn. For these reasons, the fourth *Hubbard* factor weighs in favor of unsealing.

### 5. Possibility of Prejudice to the Party Opposing Disclosure

The fifth *Hubbard* factor considers whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal. *See Hubbard*, 650 F.2d at 320-21. "[S]ensational disclosure" that will cause a party prejudice in later proceedings goes to the appropriateness of sealing. *Id.* at 320-21. The plaintiffs have not claimed that unsealing this matter would affect them in any future litigation; rather, they refer only to generalized reputational harm. *See* Pls.' Opp'n at 4. Therefore, this factor does not weigh strongly in favor of either maintaining the seal or unsealing the case.

### 6. Purposes for Which the Documents Were Introduced

The sixth consideration in the *Hubbard* analysis concerns the purposes for which the documents were introduced. *See Hubbard*, 650 F.2d at 321-22. If the documents were obtained through discovery, for example, they are afforded a stronger presumption of privacy, as those materials typically are not publicly accessible. *See Nat'l Children's Ctr., Inc.*, 98 F.3d at 1411. On the other hand, if the documents sought to be sealed are entered as evidence during a trial, there is a strong presumption against sealing because a "trial is a public event" and "[w]hat transpires in the court room is public property." *In re Nat'l Broad. Co.*, 653 F.2d at 614 (alteration in original) (quoting *United States v. Mitchell*, 551 F.2d 1252, 1261 (D.C. Cir. 1976), *rev'd on other grounds sub nom. Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1976). The documents specifically referred to in the plaintiffs' opposition were attached as exhibits to their motion for a preliminary injunction. *See* Pls.' Mot. for Prelim. Inj., Exs. A-3, B-3, C-3. The court denied the motion for a preliminary injunction when it granted the defendants' motion to dismiss. *See generally* Mem. Op. (Dec. 5, 2008). In their motion to seal, filed concurrently with their motion for preliminary injunction, the plaintiffs asked the court to seal the case only until the court ruled on the preliminary injunction motion. *See* Pls.' Mot to Seal at 6. Given that the plaintiffs introduced those documents to support their motion for preliminary injunction, and sought to seal those documents only through that motion's disposition, this factor weighs in favor of unsealing the case.

On balance, the *Hubbard* factors weigh in favor of unsealing this case. Indeed, the only factor that supports maintaining the seal is the fact that the plaintiffs object to unsealing. As a result, the court grants the defendants' motion to unseal.

## IV.  CONCLUSION

For the foregoing reasons, this court grants the defendants' motion to unseal the docket. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 7th day of December, 2009.

RICARDO M. URBINA
United States District Judge
